## KING vs. WHITON and another, Ex'rs.

If a referee is entitled to demand his fees before filing his report, the party interested in having it filed cannot compel the opposite party to advance the fees.—So *held* in a case where the party who had cited executors to account before the probate court, had appealed from its decision to the circuit court, where the matter was referred on her motion, and the referees, after agreeing upon their report, refused to file it until their fees were paid, and the plaintiff made affidavit that she was unable to pay them.

APPEAL from the Circuit Court for *Rock* County.
The case is stated by the court.
*J. A. Sleeper*, for appellants.
*Sloan, Patten & Bailey*, for respondent.

October 11.　　*By the Court*, PAINE, J. This is an appeal from an order requiring the appellants to advance the sum of $162.00, ref-

erees' fees. They had been cited to account before the pro- June Term, bate court on the application of the respondent, and she had appealed from the decision of that court to the circuit court. The matter was there referred on her motion, and after the referees had agreed on their report, they refused to file it until their fees were paid. On an affidavit showing this, and the respondent's inability to pay, the judge made this order requiring the appellants to pay the fees within three days, and that in default thereof an execution should issue.

We know of no law justifying such a practice. The fees of referees are taxable as costs, and if they are entitled to demand them before filing their report, there is no way by which either party interested in having it filed can compel the other to advance their fees. If the respondent was unable to advance them, that was unfortunate. But it would not constitute a reason for compelling the appellants to ad-vance them, any more than it would for compelling them to advance money to secure the attendance of the respondent's witnesses, or to pay counsel, or any other of the ordinary expenses of litigation.

The order is reversed, with costs.